# KELLER ROHRBACK L.L.P.

DAVID S. PREMINGER

August 20, 2014

**By Hand Delivery and ECF**

Honorable Naomi Reice Buchwald
United States District Court
for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

    Re:    In re LIBOR-Based Financial Instruments Antitrust Litigation, MDL No. 2262, Case No. 14-cv-146-NRB

Dear Judge Buchwald:

    Keller Rohrback L.L.P. represents the Triaxx plaintiffs ("Triaxx"). Triaxx responds to defendants' letters seeking to file motions to dismiss its state law claims for fraud, aiding and abetting fraud, and tortious interference with economic advantage.

    As set forth in the joint letter being submitted today on behalf of all Direct Action Plaintiffs, Triaxx will amend its complaint to address the issues raised by defendants. Triaxx is also a signatory to the joint letter regarding personal jurisdiction submitted by Dickstein Shapiro on behalf of Freddie Mac, the Federal Deposit Insurance Corporation, and other Direct Action Plaintiffs.

    Triaxx also notes the following additional points with respect to defendants' letters seeking dismissal of its claims.

Statute of Limitations

    While this Court has considered the statute of limitations applicable to federal CEA claims, the Court also noted that "the amount of public information necessary to start the period of limitations for commodities manipulation under the CEA is significantly less than the amount necessary to commence the period of limitations for securities fraud under the '34 Act." In re LIBOR-Based fin. Instruments Antitrust Litig. ("LIBOR I"), 935 F. Supp. 2d 666, 698 (S.D.N.Y. 2013). Because Triaxx's fraud and other state law claims are analogous to securities fraud claims in this regard, the Court's prior holding with respect to the statute of limitations for CEA claims does not make Triaxx's fraud and tortious interference claims untimely.

    Triaxx's Complaint ("Compl.") alleges that the fraudulent conduct that forms the basis for its claims could not be have been discovered until the findings of multiple government investigations became public as a result of settlement agreements between government regulators and various LIBOR Banks. Compl. ¶¶ 7-8, 138. Defendants' misconduct was both self-concealing, and repeatedly and consistently denied by the defendants. Compl. ¶¶ 139-149. Moreover, even if Triaxx is found to be on inquiry notice prior to 2012, Triaxx's claims are still

KELLER ROHRBACK L.L.P.

August 20, 2014
Page 2

timely under the doctrines of fraudulent concealment, equitable estoppel and the continuing violation doctrine.

Tortious Interference with Economic Relations

Defendants contend that Triaxx has failed to adequately allege defendants' knowledge and intent with respect to its tortious interference with economic relations claim. Even if knowledge is a required element for Triaxx's claim, Triaxx's complaint alleges that defendants were well aware that their fraud would interfere with transactions linked to LIBOR, including LIBOR-linked private label mortgage-backed securities ("PLMBS"). Compl. ¶¶ 6, 183. Defendants issued, sold, or serviced large numbers of PLMBS, including PLMBS purchased by Triaxx. Triaxx's amendment will identify the specific PLMBS that underlie its claims.

Defendants' suggestion that they did not intend to interfere with LIBOR-linked transactions, or lacked knowledge that their actions would be substantially certain to interfere with such transactions, defies belief. Triaxx's complaint is filled with factual allegations—largely drawn from detailed admissions by various defendants—demonstrating that defendants intended to manipulate LIBOR. Compl. ¶¶ 41-133. Given LIBOR's status as the "world's most important number," and "one of the most reliable barometers of risk in the global economy," Compl. ¶ 4, defendants were clearly aware that by manipulating LIBOR they were interfering with transactions, including PLMBS, that were based on LIBOR.

Fraud and Aiding & Abetting Fraud

Defendants assert that Triaxx's reliance on LIBOR was unreasonable, and that Triaxx has failed to sufficiently allege intent or damages. Defendants' reliance argument raises factual issues inappropriate for resolution on a motion to dismiss and ignores Triaxx's allegations that: (1) LIBOR was recognized and advertised as being the "world's most important number" and "one of the most reliable barometers of risk"; (2) defendants engaged in a fraudulent scheme to manipulate this critical metric; and (3) Triaxx could not have discovered this fraud in the absence of admissions by the LIBOR banks, particularly given the consistent denials of any misconduct by defendants.

With respect to the factual sufficiency of Triaxx's allegations, the Court has previously sustained fraud claims asserted by certain class action plaintiffs and emphasized that "courts generally relax Rule 9(b)'s requirements in the context of manipulation claims, as such claims often involve facts solely within the defendant's knowledge." LIBOR I, 935 F. Supp. 2d at 714; In re LIBOR-Based Fin. Instruments Antitrust Litig., 962 F. Supp. 2d 606, 631 & n.30 (S.D.N.Y. 2013). Triaxx's complaint provides even more detailed allegations than the class action complaints, including allegations regarding intent (Compl. ¶¶ 41-140) and damages (Compl. ¶¶ 134-37).

**KELLER ROHRBACK L.L.P.**

August 20, 2014
Page 3

Sincerely yours,

David S. Preminger
Derek Loeser