UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **IN RE LIBOR-BASED FINANCIAL INSTRUMENTS ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*City of Houston v. Bank of America Corp., et al.*, Case No. 1:13-cv-05616;<br><br>*City of Richmond, et al. v. Bank of America Corp., et al.*, Case No. 1:13-cv-00627;<br><br>*City of Riverside, et al. v. Bank of America Corp., et al.*, Case No. 1:13-cv-00597;<br><br>*County of Mendocino v. Bank of America Corp., et al.*, Case No. 1:13-cv-08644;<br><br>*County of Sacramento v. Bank of America Corp., et al.*, Case No. 1:13-cv-05569;<br><br>*County of San Diego v. Bank of America Corp., et al.*, Case No. 1:13-cv-00667;<br><br>*County of San Mateo, et al. v. Bank of America Corp., et al.*, Case No. 1:13-cv-00625;<br><br>*County of Sonoma, et al. v. Bank of America Corp., et al.*, Case No. 1:13-cv-05187;<br><br>*East Bay Municipal Utility District v. Bank of America Corp., et al.*, Case No. 1:13-cv-00626;<br><br>*Federal Deposit Insurance Corp. as Receiver for Amcore Bank, N.A., et al. v. Bank of America Corp., et al.*, Case No. 1:14-cv-01757;<br><br>*National Credit Union Administration Board v. Credit Suisse Group AG, et al.*, Case No. 13-cv-7394;<br><br>*San Diego Assoc. of Governments v. Bank of America Corp., et al.*, Case No. 1:13-cv-05221; | Master File No. 1:11-md-2262-NRB<br><br>ECF Case<br><br>**ORAL ARGUMENT REQUESTED** |

**MAYER BROWN LLP**
1675 Broadway
New York, New York 10019
(212) 506-2500

*Attorneys for Defendant*
*Société Générale*

> *The Federal Home Loan Mortgage Corp. v. Bank of America Corp., et al.*, Case No. 1:13-cv-03952;
>
> *The Regents of the Univ. of California v. Bank of America Corp., et al.*, Case No. 1:13-cv-05186; and
>
> *Triaxx Prime CDO 2006-1 LTD, et al. v. Bank of America Corp., et al.*, Case No. 1:14-cv-146.

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT SOCIÉTÉ GÉNÉRALE'S MOTION TO DISMISS THE INDIVIDUAL PLAINTIFFS' AMENDED COMPLAINTS**

## **TABLE OF CONTENTS**

**Page(s)**

REPLY ARGUMENT ..................................................................................................................1

I.FREDDIE MAC DOES NOT PLEAD FACTS SUFFICIENT TO SUPPORT AN ASSERTION OF GENERAL OR SPECIFIC JURISDICTION OVER SG IN VIRGINIA ..........................................................................................................................1

II.THE INDIVIDUAL PLAINTIFFS DO NOT PLEAD FACTS SUFFICIENT TO SUPPORT AN ASSERTION OF SPECIFIC JURISDICTION OVER SG IN THE OTHER RELEVANT FORUMS .......................................................................................2

III.THE INDIVIDUAL PLAINTIFFS FAIL TO RESPOND TO SG'S ARGUMENTS ......................................................................................................................3

CONCLUSION ..............................................................................................................................4

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Daimler AG v. Bauman*,
   134 S. Ct. 746 (2014) ................................................................................................1

*In re LIBOR-Based Fin. Instruments Antitrust Litig.* ("*LIBOR I*"),
   935 F. Supp. 666 (S.D.N.Y. 2013) ............................................................................4

*In re LIBOR-Based Fin. Instruments Antitrust Litig.* ("*LIBOR III*"),
   No. 11-MD-2262, 2014 WL 2815645 (S.D.N.Y. June 23, 2013) .............................4

*Jazini v. Nissan Motor Corp.*,
   148 F.3d 181 (2d Cir. 1998) ......................................................................................2

*William v. The AES Corp.*,
   ---F.Supp.2d---, No. 1:14CV343 JCC/TRW, 2014 WL 2896012 (E.D. Va. June 26, 2014). ..........................................................................................................................2

**OTHER AUTHORITIES**

Fed. R. Civ. P. 9(b)..........................................................................................................1

Fed. R. Civ. P. 12(b)(2) ...................................................................................................1

Fed. R Civ. P. 12(b)(6) ....................................................................................................1

Defendant Société Générale ("SG") respectfully submits this reply memorandum of law in further support of its motion to dismiss the Individual Plaintiffs' Amended Complaints pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(6) and 9(b).

## REPLY ARGUMENT

I. **FREDDIE MAC DOES NOT PLEAD FACTS SUFFICIENT TO SUPPORT AN ASSERTION OF GENERAL OR SPECIFIC JURISDICTION OVER SG IN VIRGINIA**

Freddie Mac does not (1) dispute that SG is a French bank that is headquartered in France, or (2) suggest that theirs is the "exceptional case" that could otherwise support a finding that SG is "at home" in Virginia. Citing only to pre-*Daimler* cases, Freddie Mac argues in conclusory fashion that because SG (among others) purportedly has had "a continuous, systematic, and substantial relationship with Freddie Mac in Virginia for many years," it is subject to general jurisdiction there. *See* PJ Opp. at 28 n. 60, 29. However, this argument is foreclosed by *Daimler*, which explicitly rejected as "unacceptably grasping" the contention that general jurisdiction can apply wherever "a corporation engages in a substantial, continuous, and systematic course of business." *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014) (internal quotation marks omitted). In any event, Freddie Mac does not allege that *SG* had *any* of the contacts that it contends establish a relationship with Virginia. *See* PJ Opp. at 29-31, n. 62-70 (containing no references to SG).

Freddie Mac's specific jurisdiction arguments fare no better. Freddie Mac's contention that SG had some connection to electronic messages received by Freddie Mac in Virginia is frivolous. First, Freddie Mac's assertion that SG was one of many *recipients* (not the sender) of an electronic message from another bank's affiliate to Freddie Mac on May 29, 2008 (prior to the time when SG became a member of the BBA's USD LIBOR panel) is altogether irrelevant. *See* MacVittie (FDMC) Decl. ¶ 9. Second, Freddie Mac's contention that an SG affiliate (SG Americas Securities), *not* SG, sent electronic messages that are *not* alleged to have concerned

LIBOR "[b]etween 2007 and 2009"—encompassing a period that is entirely, or mostly, *before* SG became a LIBOR contributor—is off-point on all levels.[1]  *Id.* ¶ 10.  Lastly, Freddie Mac's unsupported assertion that, at unspecified times, unidentified SG entities purportedly served as dealers for REMIC securities issued by Freddie Mac does nothing to establish a suit-related contact, because Freddie Mac acknowledges that its claims are not related to such transactions. *See, e.g.,* PJ Opp. at 35.

## II. THE INDIVIDUAL PLAINTIFFS DO NOT PLEAD FACTS SUFFICIENT TO SUPPORT AN ASSERTION OF SPECIFIC JURISDICTION OVER SG IN THE OTHER RELEVANT FORUMS

The Individual Plaintiffs (including Freddie Mac) fail to allege that any of them had direct dealings with SG, thus disposing most of their specific jurisdiction arguments.  Moreover, the Individual Plaintiffs still have not made any non-conclusory allegations of misconduct by SG that could support an assertion of specific jurisdiction premised on conspiracy or imputation theories.

The FDIC-R's declaration contains the only other references to SG and those almost entirely consist of acknowledging statements from SG's supporting declaration, which do not support an assertion of specific jurisdiction over SG in New York.  *See* Kass Decl. ¶¶ 71-72.  The FDIC-R's suggestion that among the Americas, SG "appears" to have more offices in the United States does nothing to establish a suit-specific SG contact with New York.[2]  *Id.* ¶ 72.  Equally unavailing is the FDIC-R's mistaken assertion that SG has a second location in New York.  *Id.* ¶ 72 n.176.  On the website cited by the FDIC, SG lists a single address for its New York office— formerly 1221 Avenue of the Americas, now 245 Park Avenue—and it is plain from the face of

---

[1]  A subsidiary's presence in the forum standing alone is not sufficient to establish jurisdiction over a foreign parent corporation, and the Individual Plaintiffs have not alleged that any SG affiliate is a mere department, agent or alter-ego of SG.  *See, e.g., Jazini v. Nissan Motor Corp.*, 148 F.3d 181, 184-85 (2d Cir. 1998); *William v. The AES Corp.*, ---F.Supp.2d---, No. 1:14CV343 JCC/TRW, 2014 WL 2896012, at *7-*8 (E.D. Va. June 26, 2014).

[2]  As discussed in Defendants' joint reply (at 13), any reliance on a national contacts approach cannot be reconciled with *Daimler*'s and *Walden*'s focus on a defendant's State-specific contacts in evaluating federal question claims.

that website that the other U.S. offices are associated with non-party subsidiaries or affiliates, not with SG.[3]  In any event, SG's evidence demonstrating that it neither determined the level of its LIBOR contribution, nor transmitted that contribution to Thomson Reuters, from New York or anywhere else in the United States remains uncontroverted.  *See* Bourrinet Decl. ¶ 10.  Accordingly, the Individual Plaintiffs' assertions of specific jurisdiction over SG fail.

### III.     THE INDIVIDUAL PLAINTIFFS FAIL TO RESPOND TO SG'S ARGUMENTS

The Individual Plaintiffs do not dispute that they fail to allege any conduct by SG prior to February 2009, when SG joined the LIBOR panel.  *See* Fraud Opp. at 1 n.2.  Thus, claims against SG regarding any period prior to February 9, 2009 should be dismissed.

Similarly, the Individual Plaintiffs concede or do not respond to the following points that SG made in its Moving Brief and thus have failed to plead any misconduct by SG after it joined the LIBOR panel in February 2009.

- None of the Individual Plaintiffs alleges that it had direct dealings or any other relationship with SG.

- The Individual Plaintiffs do not identify any representation (or omission) that SG made to them, much less one on which the Individual Plaintiffs relied in connection with any LIBOR-linked transaction with another counterparty.

- The Individual Plaintiffs have not identified a single communication suggesting collusion or benchmark rate manipulation to which SG was a party.

- None of the Individual Plaintiffs alleges with specificity that SG made an artificial LIBOR quote, let alone one that impacted the fixing, on any day in which any one of them entered, held or exited any position, or made or received any payment in connection with a LIBOR-linked instrument.

- SG is not referenced in any of the charts, figures or academic studies quoted in the Complaints that purport to show a pattern of collusive or manipulative behavior, and thus there is no purported empirical analysis to support an allegation of wrongdoing by SG.

---

[3]   *See* http://www.societegenerale.com/en/about-us/our-businesses/our locations; *see also* http://ww2.sgcib.com/usa/ (listing a single New York location for SG).  *See supra* n.1.

- The Individual Plaintiffs do not address the well-settled principles established in the cases cited by SG, including the requirement that a plaintiff allege specific misconduct by a defendant before subjecting it to the enormous expense of discovery.

Because there is no transactional nexus with SG, the Individual Plaintiffs' claims rest entirely on the conclusory allegation that all defendants purportedly made artificial LIBOR contributions. Given the Individual Plaintiffs' failure to substantiate this assertion with allegations of purported misconduct by SG, their claims against SG do not withstand scrutiny. *See LIBOR I*, 935 F. Supp. 2d at 716-17 (citing class plaintiffs' provision of graphs showing individual defendants' LIBOR quotes allegedly diverging from benchmarks that they should have tracked); *LIBOR III*, 2014 WL 2815645, at *7 (plaintiffs must specifically allege the fraud perpetrated by each defendant). Thus, claims against SG regarding any period subsequent to February 9, 2009 should likewise be dismissed.

## CONCLUSION

For the reasons set forth above, SG's motion to dismiss the Individual Plaintiffs' claims against SG should be granted.

Dated:	New York, New York
	December 23, 2014

/s/ Steven Wolowitz
Steven Wolowitz
Henninger S. Bullock
Andrew J. Calica
MAYER BROWN LLP
1675 Broadway
New York, New York  10019
Telephone: (212) 506-2500
Fax: (212) 262-1910
swolowitz@mayerbrown.com
hbullock@mayerbrown.com
acalica@mayerbrown.com

*Attorneys for Defendant Société Générale*

4